UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAETAN PELLETIER, derivatively on behalf of Clover Valley Ranch LLC,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM V. RODRIGUEZ, individually and as trustee; JUDY A. RODRIGUEZ, individually and as trustee; WILLIAM V. RODRIGUEZ REVOCABLE LIVING TRUST, a Nevada Trust dated November 7, 1991; JAMES W. MIDDAGH; MORTENSEN PARTNERS, LIMITED PARTNERSHIP; ROBERT J. WINES; JOHN DOE(S), partners in Mortensen Partnership; JOHN DOES(S), beneficiaries of the Rodriguez Revocable Trust Beneficiaries in January 2015 and Now; CLOVER VALLEY RANCH LLC,<br><br>Defendants. | Case No.: 17-cv-1809-BTM-JMA<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**<br><br>**[ECF NOS. 12, 19]** |

Defendant Robert J. Wines has filed a motion to dismiss Plaintiff Gaetan Pelletier's Complaint. (ECF No. 12). Defendants William V. Rodriguez, Judy A. Rodriguez, and the William V. Rodriguez Revocable Living Trust have joined the motion to dismiss. (ECF No. 19). For the reasons discussed below, the Court GRANTS Defendant's motion.

## I.   BACKGROUND

Plaintiff alleges that he is the "managing member" of Clover Ranch LLC, which is comprised of two other members. (ECF No. 1 ("Complaint") ¶ 5). On August 29, 2014, Plaintiff, "representing Assignee" Clover Ranch LLC, entered into a contract with Defendants William V. Rodriguez and Judy A. Rodriguez, as Trustees of the William V. Rodriguez Family Revocable Living Trust dated November 7, 1991, to purchase property known as Clover Valley Ranch. Compl. ¶ 1, Exh. 1.

Plaintiff alleges that "the sale Contract terms . . . were breached, and made with fraudulent promises that Defendants had no intention to keep for the purpose of inducing Plaintiff to purchase the ranch to be assigned to Clover Valley Ranch LLC." Compl. ¶ 1. On September 17, 2017, Plaintiff filed a "Derivative Complaint," "on behalf of Clover Valley Ranch LLC, for the following "derivative claims": breach of contract, negligence and gross negligence, fraud, slander, and false representation. *Id.*

On October 17, 2017, Defendant Wines filed a motion to dismiss Plaintiff's Complaint. (ECF No. 12). Defendants William V. Rodriguez, Judy A. Rodriguez, and the William V. Rodriguez Revocable Living Trust joined Wines' motion to dismiss. (ECF No. 19). The Court addresses Defendants' arguments that (1) Plaintiff is improperly acting pro se in representing Clover Valley Ranch LLC and (2) Plaintiff's action violates the first-to-file rule.

## II. DISCUSSION

### A. Plaintiff Improperly Acting *Pro Se*

Plaintiff has brought this action *pro se* "derivatively on behalf of Clover Valley Ranch LLC." Compl. ¶ 1. Plaintiff states that "this litigation belongs to the LLC [and] other members of the LLC have no personal financial benefit and are disinterested." *Id.* ¶ 5. Plaintiff argues that he "has standing since he is the manager of the LLC and has provided an excess of $600,000 for the LLC to purchase [Clover Valley Ranch]." *Id.* ¶ 4. Plaintiff states that he will "benefit indirectly upon the LLC prevailing in this lawsuit because the LLC would then be able to recover from damages and repay Plaintiff the money he advanced to the LLC to purchase [Clover Valley Ranch]." *Id.* ¶ 5.

Defendants request that Plaintiff's Complaint be stricken because Plaintiff cannot represent Clover Ranch LLC *pro se*. (ECF No. 12 at 4). The Court agrees. According to the Local Civil Rules,

> Only natural persons representing their individual interests in propria persona may appear in court without representation by an attorney permitted to practice pursuant to Civil Local Rule 83.3. All other parties, including corporations, partnerships and other legal entities, may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3.

L. Civ. R. 83.3(j). Plaintiff has not established that he is an attorney permitted to represent Clover Ranch LLC pursuant to Civil Local Rule 83.3. Therefore, Plaintiff cannot properly file the Derivative Complaint on behalf of Clover Ranch LLC. *See United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) ("A corporation may appear in federal court only through licensed counsel."); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("courts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity"); *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) ("non-attorney members of a partnership [cannot] appear on

behalf of the partnership"). Further, no attorney has entered an appearance on behalf of Clover Valley Ranch LLC. Therefore, the Court strikes Plaintiff's Complaint (ECF No. 1).

**B. First-to-File Rule**

Defendant also argues Plaintiff's Complaint should be dismissed because it was filed after he first filed a nearly identical complaint in the United States District Court for the District of Nevada ("Nevada Complaint"), thus violating the first-to-file rule. (ECF No. 12 at 19).

"There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982). "Thus, a court analyzes three factors: chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015).

Plaintiff's Nevada Complaint was filed on September 5, 2017. (ECF No. 12, Exh. 1). Plaintiff's instant Complaint was filed on September 7, 2017. (ECF No. 1). Accordingly, the first factor is satisfied.

"[T]he first-to-file rule does not require strict identity of the parties, but rather substantial similarity." *Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010). The parties between Plaintiff's Nevada Complaint and the instant Complaint are identical, with the exception of Plaintiff appearing "derivatively on behalf of Clover Valley Ranch LLC" and Clover Valley Ranch LLC included as a nominal defendant. (*See* ECF No. 12, Exh. 1; ECF No. 1). Accordingly, the second factor is satisfied.

Plaintiff's claims in the instant Complaint are identical to the ones in the Nevada Complaint. Further, Plaintiff's instant Complaint and the Nevada Complaint are identical in language, except for an additional section in the instant

Complaint regarding Plaintiff's standing to bring the suit on behalf of Clover Valley Ranch LLC. (*See* ECF No. 12, Exh. 1; ECF No. 1). Accordingly, the third factor is satisfied.

Because Plaintiff has initiated and pursued a substantially identical action in the District of Nevada, the Court declines jurisdiction over this action.

The Court further notes that the Complaint alleges that Clover Valley Ranch LLC is the real Plaintiff in interest. Compl. ¶ 1, 5. The Complaint also invokes diversity jurisdiction under 28 U.S.C. 1332. Compl. ¶ 2. In ascertaining whether Plaintiff has met diversity requirements, the Court must "disregard nominal or formal parties and rest jurisdiction only upon the citizenship of *real* parties to the controversy." *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1183 (9th Cir. 2004) (emphasis added) (quoting *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980)). *See also Dep't of Fair Emp't v. Lucent Techs.*, 642 F.3d 728 (9th Cir. 2011) (holding named plaintiff had standing yet did not constitute real party in interest for purposes of diversity jurisdiction); Fed. R. Civ. P. 17(a) ("An action must be prosecuted in the name of the real party in interest."); *Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1244 (10th Cir. 2005) (holding court lacked diversity jurisdiction because partnership "was always the real [plaintiff] in interest" and plaintiff failed to plead citizenship of every partner). The citizenship of Clover Valley Ranch LLC, the real Plaintiff in interest, is therefore determinative of whether the Court has subject matter jurisdiction here.

The citizenship of an LLC is that of its individual members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). *See also Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) ("[W]e reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members.") Since the real Plaintiff is an LLC composed of 3 members (Compl. ¶ 5), the Complaint must show that each member of the LLC is a citizen of a state other than the state

of citizenship for each and all defendants. *Johnson*, 437 F.3d at 899. In the Complaint, Plaintiff alleges that he is a citizen of California but fails to allege the citizenship of the other two members. Compl. ¶ 2. The Complaint therefore fails to set forth subject matter jurisdiction.

## III. CONCLUSION AND ORDER

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss (ECF Nos. 12, 19). The Clerk shall enter final judgment dismissing this case.

**IT IS SO ORDERED.**

Dated: September 21, 2018

Barry Ted Moskowitz, Chief Judge
United States District Court